HEWES ET AL *v.* HEWES ET AL.

[71 South. 4.]

1. **WILLS.** *Validity. Holographic. Wills. Incorporation.*

Under Code 1906, section 5078, so providing, a will to be valid, must be wholly written and subscribed by the testator, or attested by two witnesses in his presence. A letter directing the disposition the testatrix wished made of her property after her death, in the event she should not make another and more formal will, wholly written and subscribed by the testator, was properly admitted to probate as a part of her last will and testament.

2. **WILLS.** *Incorporation of extrinsic documents into will.*

Where an extrinsic document is incorporated into a will by a reference thereto in the will, it becomes a part and parcel thereof; and since a will not attested by witnesses must be "wholly written" by the testator himself, it necessarily follows that for an extrinsic document to be incorporated into and thereby becomes a part and parcel of a will valid only if "wholly written" by the testator himself, such document must also be so written; for should it not be, the whole will would not be in the handwriting of the testator.

APPEAL from the chancery court of Harrison county.
HON. J. MORGAN STEVENS, Chancellor.

Petition by Newton L. Hewes and others for probate of the will of Fannie G. Henderson deceased. From a decree in favor of the proponents allowing the probate, contestants appeal.

The facts are fully stated in the opinion of the court.

*T. A. Wood, W. G. Evans* and *J. L. Traylor,* for appellant.

It was never contended in this case, nor is it now contended that a will properly attested may not adopt another paper by proper reference, and make it a part of a will where the will so adopted, is not holographic.

Where a will is wholly written and signed by the testator and attested by witnesses, it may be proved either by any witness who is familiar with the handwriting of the testator, or it may be proven by the attesting witnesses. And a will wholly in the handwriting and signed by the testator, attested by witnesses and the proof of the execution of the will by said witnesses, changes the holographic form.

The efficacy of the will does not depend on the handwriting or form of the will, when so proven. A will not being wholly written or any part of same written by the testator, but signed by him without testamentary witnesses, cannot be probated. *Estate of Rand,* 61 Cal. 468, 44 Am. Rep. 555; *Baker* v. *Brown,* 83 Miss. 793; *Buffington* v. *Thomas,* 84 Miss. 157.

It does not depend on the intention of the testator, nor of the disposition made in his will of his property. A paper produced for probate may be clear in intent and adequate in expression to convey property, still if it fails to conform to the statute in such cases made, then the instrument fails as a testamentary paper. If it fails to comply with the statutes in such cases prescribed, it cannot be admitted to probate. *Estate of Rand, supra.*

There seems to be some uncertainty and confusion on the part of appellees as to what they shall name this letter addressed to "Idie;" whether it is a codicil, or whether it is the main will, and by reference as engrafted into it, the first will of Mrs. Henderson, together with the will of Mrs. Smith, or whether the will of Mrs. Henderson and Mrs. Smith being joint and mutual was by one fell stroke engrafted into the letter to "Idie" by a reference thereto. But by whatever reference or process the will of Mrs. Smith may be incorporated into the letter to "Idie" and become a part thereof, it not being in the handwriting of Mrs. Henderson, would destroy as a testamentary instrumentary instrument both Mrs. Smith's will and the letter to "Idie." *Estate of Rand,* 61 Cal. 468, 44 Am. Rep. 555.

It is not contended by appellants that the letter addressed to ''Idie,'' if testamentary in character, might not have by proper reference become a codicil to the first will of Mrs. Henderson. A testamentary paper, holographic in form, may become a codicil to a testamentary paper previously executed with attesting witnesses, whether holographic in form or not. But the letter to ''Idie'' is not claimed to be a codicil to Mrs. Smith's will.

The letter addressed to ''Idie'' was delivered when written to Miss Sophie Tibblier, as testified to by her, and was intended as hereinbefore stated as evidence of a discharge of an obligation of Mrs. Henderson to Miss Tibbler, with the request that ''Idie'' see that her wishes in the matter were carried out. Mrs. Henderson was apprehensive as stated in that letter and said ''It may not stand in law,'' but she wrote the letter to protect Sophie. *Fitzgerald* v. *English,* 73 Minn. 266, 76, N. W. 27.

The expression in the letter ''The home place is for you four girls,'' should be read in the light of all the circumstances; taking into consideration the fact that she then expressed her intention in the letter, later I will make a will. That the will she made, later, would give the home place to the four girls. *Estate of Meade,* 118 Cal. 428, 62 A. S. R. 244.

The lower court found as a matter of fact that Mrs. Smith's will, by a reference in the letter addressed to ''Idie,'' was made a part of the letter and thereby became a part of Mrs. Henderson's last will and testament. The court apparently must have had doubt of the soundness of this finding, because he announced as a reason for so finding, and it was decreed, that Mrs. Smith's will was a part of the last will and testament of Mrs. Henderson, and admitted to probate for the purpose of aiding in the construction thereof. It was pointedly stipulated at the beginning of the trial, that the construction of the will sought in the petition was abandoned, and the issue was only for the record and probate of the will. The will could not be construed at this time and in this

proceeding. *Koplin* v. *Coleman,* 60 So. 885; *Partt* v. *Hargreaves,* 76 Miss. 955; *Lily* v. *Tobbein* (Mo.), 23 A. S. R. 887; *Woodruff* v. *Hunly* (Ala.), 85 A. S. R. 145.

If Mrs. Smith's will is to be considered as a part of Mrs. Henderson's will, it necessarily must speak through the letter addressed to "Idie" and become a part of said letter, but Mrs. Smith's will being in the handwriting of and signed by Mrs. Smith, could not by reference and adoption transform Mrs. Smith's handwriting into the handwriting of Mrs. Henderson; the prescribed statutory rule requiring holographic wills to be wholly written and signed by the testator would not be complied with.

The term "form," when used with reference to holographic wills, does not refer to the manner of expressing the testator's disposition of the property, but the proof of a holographic will not attested must be by proof by witnesses and exemplification of the paper, and the court may adjudge, without reference to the testimony of witnesses, whether the instrument is wholly in the handwriting of the person who signed it. 44 Am. Rep. 555.

This is well expressed in the opinion of Judge Whitfield in the case of *Baker* v. *Brown,* 83 Miss. 793.

So we find no authority, under any state of the case, for incorporating Mrs. Smith's will or in any way making it a part and parcel of Mrs. Henderson's last will and testament; and neither does counsel for appellees cite any authorities therefor at all, but we have cited abundant authorities showing that it cannot be any part of Mrs. Henderson's will.

Neither is the letter referred to as Exhibit "C" any part of Mrs. Henderson's will, as it does not come within the rules of a testamentary paper, as shown herein.

*White & Ford,* for appellee.

The first contention of appellants is that the letter addressed to "Idie" is insufficient for the reason that it shows no testamentary purpose; and appellants cite the cases of *Yount* v. *Wark,* 76 Miss. 829, *Du Sauzay* v. *Du*

*Sauzay,* 63 So. 273, and some other cases decided by some other states in support of this contention.

In *Young* v. *Wark, supra,* after the death of the decedent, a folded paper was found behind a vase upon the mantlepiece with the following words written on it: "Want Sarah relatives have all property." This paper was signed by the decedent, but was not dated. There was nothing about the paper to indicate that it was intended to operate as a will; and the court in that case held that without some evidence of the intention upon the part of the decedent to dispose of his property by this instrument to take effect at his death, that the court could not assume that the paper was intended to be testamentary in its character.

In the case of *Du Sauzay* v. *Du Sauzay, supra,* Mrs. Du-Sauzay, whose husband was still living, but who had made a will giving her all his property, executed an instrument beginning as follows: "If the will made by my husband in my favor becomes null at my death, I wish the pharmacy remain after the death of their father to Joseph Alfred De Montluzin. Du Sauzey and his brother Jean Rene Gabriel De Montluzin Du Sauzay, our sons and associates," etc. The court in that case held that this did not appear to be testamentary instrument to take effect at her death, but was a mere suggestion of the disposition of that she desired her husband to make of her property in case he should survive her.

The case of the *Estate of Meade,* 62 Am. St. Rep. 244, and *Ferris* v. *Neville,* and the note thereto, in 89 Am. St. Rep. 488, simply held that it is the *annimo testendi* that makes an instrument a will, and that unless it appears clearly from the face of the instrument that is was testamentary in character; that the court will not presume that it was so intended.

The other contention of appellants that in order for an instrument to be incorporated into a will as part of it, that the instrument itself must be in the handwriting of the testator is not supported by any authority that we have

ever found, and certainly it is not supported by any authority cited by appellants' counsel.

In *Baker* v. *Brown*, 83 Miss. 793, it was held that a holographic will, complete and perfect in itself, is not invalidated by the fact that the caption, consisting of the words "my will" was not in the handwriting of the testator. This is the sole question that was decided in that case, the court holding that it was immaterial whether or not the words "my will" were in the handwriting of the testator; that while the statute requires holographic wills to be entirely written by the testator, that the words "my will" were not dispositive in character and may be treated as surplusage, and it was immaterial whether these words were in the handwriting of the testator or not. *Skerrett,* 67 Cal. 585, 8 Pac. 181.

The recent case of the *Estate of Plummel,* 151 Cal. 77, 121 A. S. R. 100, cited by appellants on this point, not only fails to bear out the contention of appellants, but holds exactly the reverse. In this case the will was written on one side of a sheet of paper and was wholly written and signed by the testator except the figures "190" in the date 1904, these figures being printed and not written. There was a codicil written on the other side of the paper and the codicil was wholly written and signed by the testator. The court in that case held that the will itself was not a valid will for the reason that it was not wholly written and signed by the testator, and was not attested by witnesses. In other words that by reason of the fact that the figures "190" were printed that it was not a valid holographic will under the statute; but the court further held that, by the codicil which was regularly executed, this will was incorporated in the codicil and both the original and the codicil were admitted to probate, the court in that case saying: "It has long been settled that the will and codicil executed in accordance with the requirements of the statute may by appropriate reference incorporate in itself a document or paper not so executed." Citing 30 Am. & Eng. Enc. of Law (2 Ed.),

588; *Habergham* v. *Vincent*, 2 Ves. Jr. 204, 228; *Smart* v. *Prujean*, 6 Ves. Jr. 560; *Allen* v. *Maddock*, 11 Moore P. C. 427; *Brown* v. *Clark*, 77 N. Y. 369.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree of the court below admitting to probate three instruments as the will of Mrs. Fannie G. Henderson, deceased. On the 30th day of April, A. D. 1911, Mrs. Henderson executed a will, the only item of which reads as follows:

"Whatever property I may die seized and possessed of real or mixed wherever situate I will, and devise & bequeath to Julia R. Smith to take & enjoy the usufruct thereof for & during her natural life time, for the sole support & maintenance of herself & her sister Helen L. Sheffield both of the city of Norfolk, state of Virginia."

On the same day, Julia R. Smith executed a will by which she bequeathed and devised all the property that she might inherit from Mrs. Fannie G. Henderson, to Newton H., Frederick S., William H., Francis G., George P., Henry L., and Finley B. Hewes. After the death of Mrs. Henderson there was found with her will a sealed envelope (addressed to "Miss M. S. Hewes—for Sophie to give Idie in case of my death [Signed] F. G. H.") containing the following letter:

"Pass Christian July 1st 1913

"My dear Idie: I am writing to you today fearing something might happen to me before I can get a deed properly drawn up, and signed, and I feel confident that you will carry out my wishes.

"I desire that Sophie Tibblier shall at my death, be given the house, I have just built, and the furniture. The silver you can divide as you think best, also the house linen, and any pictures you wish. My clothes are not worth much and can be given to Lizzie. Also a hundred dollars when the estate is settled. The home place is for you four girls that is you, Lillie, Cora & Emma.

· "I give the house to Sophie for two reasons, first, I tore down her house, and second because of the loving attention she gave to my dear husband and myself. There is a will of mine leaving to Julia Smith all unsold lands and one from her, leaving them to your brothers.

"I do not suppose this would stand in the courts, but there is no need of going to law. Later I will make a will. I only want to secure Sophie in case of my sudden death.

"Always Your loving Aunt
"FANNIE G. HENDERSON."

These three instruments were propounded in the court below for, and upon final hearing were admitted to, probate, the decree reciting that:

"After due consideration of all of the evidence in this case, and after hearing full legal arguments, the chancellor finds from the evidence:

"First. That the two writings designated as Exhibits A and C to the petition of proponents constitute the true and last will and testament of Fannie G. Henderson, deceased, and should be admitted to probate as such.

"Secondly. That the writing designated Exhibit B to said petition of proponents, and referred to as the 'will of Julia R. Smith,' was by adoption and implication made a part and is now a part of the true last will and testament of Mrs. Fannie G. Henderson, deceased, and should be admitted to probate as explanatory of said will of Mrs. Henderson and in aid of the construction thereof—to which findings of the court the contestants excepted."

The two questions presented to us for decision are: Should the court below have admitted to probate, first, the letter from Mrs. Henderson to Idie? and, second, the will of Mrs. Julia R. Smith as having been 'by adoption and implication made a part' of the will of Mrs. Henderson? The answer to the first of these questions must be in the affirmative, and to the second in the negative.

The letter directs what disposition the writer wished to be made of certain property after her death in event she

should die without making another and more formal
will, and is therefore testamentary in character; and,
conceding for the sake of the argument that the reference
in the letter to the will of Mrs. Julia R. Smith indicates
an intention to incorporate it therein as a part thereof,
the attempt so to do must fail under the provisions of sec-
tion 5078, Mississippi Code 1906, for the reason that it
was not written by Mrs. Henderson herself.

When an extrinsic document is incorporated into a
will by a reference thereto in the will, it becomes a part
and parcel thereof; and since a will not attested by wit-
nesses must be ''wholly written'' by the testator himself,
it necessarily follows that for an extrinsic document to be
incorporated into and thereby become a part and parcel
of a will valid only if ''wholly written'' by the testator
himself, such document must also be so written; for should
it not be, the whole will would not be in the handwriting
of the testator. *Gibson* v. *Gibson,* 28 Grat. (69 Va.) 44.

*Reversed and remanded.*