GILLESPIE, Presiding Justice.
The question presented in this case is whether the following document, which was wholly written and subscribed by Mrs. E. J. White, deceased, shows that the testamentary purpose therein expressed was complete:
Sept 9-1961
To Whom it May concern.
If anything Should happen to me, I want all My Property & otherthing & Bonds divided between Marvin, Arlene & my sisters. Eight Thousand to Earls children, the House 311 North 25 Ave. to Marvin, sell the property. I will finish this later.
Mrs. E. J. White
Mrs. E. J. White, being a widow, had no children. The names Marvin and Arlene which appear in the will are identified in the record as Marvin Davis and Arlene Davis Donald both of whom Mrs. White had reared, as she also had their father. The sisters to whom reference is made in the document are identified without dispute and Earl’s children are those of Earl Gill, a deceased brother of Mrs. White.
The chancellor ordered the document admitted to probate as the last will and testament of Mrs. White. Therefrom, this appeal is' prosecuted by the three surviving sisters of Mrs. White and the administra-trix of a deceased sister’s estate. We affirm.
*845 Appellants contend that the words, “I will finish this later,” conclusively show that Mrs. White’s testamentary purpose was incomplete and, thus, the document should not be admitted to probate under the holdings in the recent cases of In re Estate of King, 203 So.2d 581 (Miss.1967) and Wilson v. Polite, 218 So.2d 843 (Miss. 1969). In those cases where the question before this Court was whether the writings were subscribed by the purported testators, the writings were held to be invalid as wills because they were not signed at the end, i. e. subscribed. In fact, in each case, the purported signature was located in the middle of a sentence.
We are of the opinion that King and Wilson are not applicable authority for the proposition that the testamentary purpose of Mrs. White was incomplete. She signed the document and made no changes in the writing in the succeeding seven years that she lived. If it meant that she intended to make a subsequent, different disposition of her estate, it was merely a statement of a right provided by law. In our opinion the words, “I will finish this later,” are surplusage and insufficient to show that the testamentary purpose which was expressed in the writing was incomplete. It was said in Turnage v. Stevens, 208 Miss. 734, 45 So.2d 571 (1950), and again in King that “[t]he position of the signature at the end of the will furnishes in itself internal evidence of finality or completion of intent.”
No case in our jurisdiction, involving the same statement in a will otherwise valid, has been found. Hewes v. Hewes, 110 Miss. 826, 71 So. 4 (1916), involved a letter which was testamentary in character but contained the comment, “I do not suppose this would stand in the courts, but there is no need of going to law (sic). Later I will make a will.” The Court held that will to be valid, notwithstanding the quoted statement. The testamentary purpose was held to be complete in In re Dean’s Estate, 166 Misc. 499, 2 N.Y.S.2d 757 (1938), wherein the purported will contained a statement that the residuary estate would “ * * * be disposed of as directed by a codicil to be hereafter attached to this instrument.” Although no codicil was ever written, the court said that “by such omission (to execute a codicil) no legal effect can be given to the words in the will which refer to the disposition by a codicil of the remainder of the property.” See also 1 Page on Wills § 5.7 (1960); 57 Am.Jur., Wills § 10 (1948).
The writing presently before the Court was executed in accordance with the statutory requirements. It makes a testamentary disposition of all her property, although partial intestacy itself would not necessarily invalidate an otherwise valid will. It is wholly written and is subscribed by the testatrix. We are of the opinion that the will shows that the testamentary purpose as far as expressed in the will is complete.
The will was witnessed by Mrs. Nannie E. Maines, one of the sisters, whose signature appears under the signature of Mrs. White. Without regard to a stipulation in the lower court that the presence of Mrs. Maines’ signature would be excluded from the chancellor’s consideration, we hold as we did in Baker v. Brown, 83 Miss. 793, 36 So. 539 (1904), that “* * * a holographic will is none the less a holographic will because it may be attested by witnesses.”
It is also argued that the will is invalid because it is impossible to construe the provisions therein to effectuate the administration of Mrs. White’s estate. We held in Wilson that construction of a will is necessary only after the document has been admitted to probate. In the present case the chancellor was not called upon to construe the will, nor is this Court on appeal. We are of the opinion that the will does make a testamentary disposition of *846 Mrs. White’s estate and is capable of construction.
The chancellor correctly admitted the writing to probate and his decree is affirmed.
Affirmed.
All Justices concur.