(51 Misc. Rep. 517.)

### HAYES v. GUNNING et al.

(Supreme Court, Special Term, Orange County. October, 1906.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.

Testator devised to his widow all his estate, to be used and disposed of by her during her life as he might do if living, with remainder over of any residue undisposed of at the death of the widow. *Held*, that she took a fee, with the absolute power of disposition by will, and, having made no conveyance of real estate, a devisee under her will of the residue of the estate is entitled to any surplus on sale of the real estate for the payment of testatrix's debts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1340–1342.]

Action by Mary B. Hayes against Katie Gunning and others to recover share in proceeds of sale of real estate of decedent. Judgment for defendant Katie Gunning.

This controversy has arisen over the provisions of the second and third paragraphs of the will (folios 8 to 12 of complaint) which read as follows:

"Second. I give, devise and bequeath unto my beloved wife, Bedelia M. Creegan (who by her faithful co-operation and prudence during many years past has so materially assisted me in the accumulation of property), all my estate, both real and personal, wheresoever situated, to be by her used and disposed of during her natural life, precisely the same as I might do, were I living, hereby giving unto my said wife full power and authority to sell, exchange, invest, reinvest and use the same or any part thereof in any manner as to her shall seem best, without any restriction whatever, except the payment of my debts aforesaid, and upon condition that she remain my widow, and in case of her marriage I direct then that she retain under this devise, the one-half of the property which she shall at that time hold, and the remaining one-half I give, bequeath and devise unto the four parties hereinafter mentioned as legatees hereunder, the survivor or survivors of them in equal shares. And it is my desire that as soon after my death as the same may be done without sacrifice or serious loss she sell and dispose of so much of my real estate as may be necessary to pay off and discharge the incumbrances on such as shall remain; and to the end that she may have less care and annoyance in caring for and handling the said property and estate, it is my desire that she shall, as opportunities offer to make desirable sales of real estate, sell and dispose of all the real estate hereby devised to her, except such as she shall desire to retain for her own personal use, and invest the proceeds in such manner as shall seem best calculated to provide for her a safe, sure and permanent income, without the care and annoyance incident to renting real estate. And I further desire and direct that my said wife shall use and dispose of any and all such funds, property and estate for the relief of any such worthy person, or in furtherance of any such charitable object as she in her wisdom and judgment may think proper, and that she in her discretion assist such persons

and promote such charitable objects as we have together deliberated upon and considered to be worthy.

"Third. I give, devise and bequeath unto Bridget Holoran (daughter of Francise Creegan of New York City), Mary B. Hayes (widow of Bryan Hayes of Port Jervis, New York), Bernard Creegan of Hunter's Point, New York, and Katie Gunning, who for some years has resided with me at Port Jervis, New York, all my estate, both real and personal which shall remain undisposed of at the death of my wife, to be divided among them or the survivors of them, equally, share and share alike; and if but one of them shall be living at that time, then the whole remainder to go to such one."

R. Ed. Schofield and Albert H. F. Seeger, for plaintiff.

C. E. & S. M. Cuddeback, for defendant Katie Gunning.

BURR, J.   The real property described in the complaint belonged to James Creegan in his lifetime.   He died June 13, 1898, leaving a will which was submitted to probate in the Surrogate's Court of Orange county on the 22d day of October, 1898.   It contained, among others, the following provisions:

"I give, devise and bequeath unto my beloved wife, Bedelia M. Creegan (who by her faithful co-operation and prudence during many years past has so materially assisted me in the accumulation of property), all my estate, both real and personal, wheresoever situated, to be by her used and disposed of during her natural life, precisely the same as I might do, were I living."

On June 30, 1900, Bedelia Creegan executed her last will and testament, and died shortly afterward.   At the time of her death the real property referred to had not been sold or conveyed.   Her will was proved in the Surrogate's Court of Orange county on October 3, 1900. After making certain bequests she gives, devises, and bequeaths the residue of her estate, real and personal, to the defendant Katie Gunning. Subsequently to the death of Bedelia Creegan, and pursuant to a decree of the Surrogate's Court of Orange county, the real property described in the complaint was sold to pay James Creegan's debts.   The rights of the parties to this action to share in the surplus proceeds of the sale thereof, and also in the accumulated rents, are in controversy here, and are to be determined by a construction of James Creegan's will.   If this will gave to Bedelia Creegan a life estate in his property, with an absolute power of disposition, unaccompanied by a trust, her estate became a fee absolute, subject to any future estates limited thereon in case the power was not executed.   Real Property Laws, 3 Cumming & Gilbert's Gen. Laws, p. 3301, § 129.

Both parties concede that under this will Bedelia Creegan took a life estate in the property.   The defendant Katie Gunning claims that the will also gave her an absolute power of disposition, which was exercised, and that therefore she took a fee absolute, and the clause creating a future estate in remainder in favor of the plaintiff never became operative.   A general and beneficial power to devise, given to a tenant for life, is an "absolute power of disposition" equally with the power to sell and convey.   Real Property Laws, 3 Cummings & Gilbert's Gen. Laws, p. 3302, § 132.   If James Creegan's will conferred such a power upon his wife, then the claim of the defendant Gunning is well founded; for the power was both general and beneficial.   Id. p. 3298, §§ 114, 116. The plaintiff claims that the power was not an absolute one, but one

which could only be exercised by a conveyance during the lifetime of Bedelia Creegan and for her own use and benefit. As no conveyance was made during her lifetime, if that is the true construction of his will, then the fee which she took was defeated by the failure to exercise this power, and plaintiff's claim to a share in his estate, as one of those entitled to the remainder, is well founded. The solution of this controversy determines this case.

Intention is the absolute criterion of construction when applied to wills. Crozier v. Bray, 120 N. Y. 366, 375, 24 N. E. 712. Intent is to be ascertained by the construction of the whole instrument, and effect must be given, if possible, to all of its provisions. Taggart v. Murray, 53 N. Y. 233, 236. If we examine the will for the declaration of his intent, it is apparent that the first purpose of the testator was to provide for the comfortable support and maintenance of his wife. He directs that his entire estate, real and personal, shall be used by her. He gives her full power and authority to sell, exchange, invest, reinvest, and use the same, or any part thereof, in any manner as to her shall seem best. The restriction imposed that his debts must be paid was an unnecessary one, as the law would impose that condition in the absence of any direction from him. So, too, the condition as to her remarriage affected only the portion of the estate given to her, and not the extent of her interest therein. That it was his purpose to provide for her comfort is further manifested by the provision that she should sell so much of the real estate as was necessary to discharge incumbrances, and from time to time, as opportunity offered, sell and dispose of the rest of it; his declared purpose being that she might have less care and annoyance in caring for the property in that way, and by investing the proceeds might secure for herself a safe, sure, and permanent income. It is quite apparent that it was his intention that she should use the entire income and so much of the principal as might be necessary during her lifetime to secure for her a comfortable support and maintenance. But that was not the only purpose of the devise to her. He declared that it was his further desire and direction that his wife should use and dispose of all of the funds which resulted from a sale of the property, and use his property and estate for the relief of any such worthy person, or in furtherance of any such charitable object, as she in her wisdom might direct. And it was his wish that she in her discretion should assist such persons and promote such charitable objects as they had together deliberated upon and considered to be worthy. Here is a declaration of an intent to give her the power to use the property, not for her own benefit and comfort alone, but for the good of others, and manifestly it was his desire that such disposition might, in her discretion, be made by an instrument taking effect after his death. It was his wish that she should dispose of all of his property, eventually, to others. If she did this in her lifetime, she would be deprived from that time forth of the support and maintenance for herself concerning which he was so solicitous. Unless she could make this disposition of his property to others by an instrument to take effect after her death, either his desire that she should be comfortably maintained must be sacrificed, or his desire that the whole of his property must be disposed of by her could not be

effected.  I think it is quite clear, therefore, that the power of disposition given to her included a power to devise by her last will and testament, and that her estate, therefore, became an absolute fee, which passed, under her will, to the defendant Katie Gunning.

The provisions of the third paragraph of his will, by which he gave his estate in remainder to the plaintiff and others, was only intended to take effect if she did not exercise that power, and only related to property remaining undisposed of at her death, by reason of such failure.  The plaintiff contends that, inasmuch as the primary words of gift are to his wife, "to be by her used and disposed of during her natural life," this excludes a disposition by will, since such disposition can only take effect after her death.  It is true that the disposition does not become effective during her lifetime; but her act of disposition, making a will, which remained unrevoked at the time of her death, necessarily was performed in her lifetime.  I think it is too narrow a construction of the language to limit her power of disposition to that which became effectual during her natural life, and to so hold would weaken, if not destroy, the additional words, "precisely the same as I might do were I living."  If he were living, he would make a will and dispose of his property.  I think that he intended that she should do the same thing. Much of the confusion that has arisen in this case would be eliminated if we transposed the words "during her natural life," in the phrase in which it appears, so that it should read, "to be by her used during her natural life and disposed of precisely the same as I might do were I living."  If the plain and definite purposes of a will are endangered by inapt or inaccurate words or expressions, and we are sure we know what the testator meant, we have the right, and it is our duty, to subordinate the language to the intention.  In such a case the court may reject words, supply them, or transpose them to get at the correct meaning. Phillips v. Davies, 92 N. Y. 199.  There must be judgment in favor of the defendant Katie Gunning individually, dismissing the plaintiff's complaint, with costs.

Judgment for defendant.