## Matter of Proving the Last Will and Testament of ELLEN ENRIGHT, Deceased.

(Surrogate's Court, Bronx County, November, 1919.)

Wills — construction of — precatory words — Real Property Law, §§ 149, 151 and 153.

> Where the will of a competent testatrix, who at her death was the owner of real property only, does not nominate an executor, the instrument may be admitted to probate upon the petition of her sister, her only heir at law and next of kin.
>
> The will provided: " I give in the name of God to my sister Maria Enright the Sole disposition of all my possessions to use as she may see fit during her life. And at the end the said Edwin McGraw be entitled to anything my sister may feel disposed to give to him. also Elizabeth Harris and Mary Trainor — in case of the desease of the Said Edwin McGraw his portion goes to his sisters." *Held*, that the provisions with reference to persons other than the sister were merely precatory and that she, both by the will and under sections 149, 151 and 153 of the Real Property Law, took a fee simple absolute in all of said real estate.

PROCEEDINGS on the construction of a will in an uncontested probate.

Samuel J. Joseph, for petitioner.

SCHULZ, S.   It appears from the petition that the decedent at the time of her death was seized and possessed of real property only.   The propounded paper does not nominate an executor and is offered for probate by her only heir at law and next of kin, a sister, Mary Enright, also known as Maria Enright. In her petition the latter prays that the instrument be admitted to probate as a will of real property and for a construction upon the ground that there is doubt

Surrogate's Court, Bronx County, November, 1919. [Vol. 109.

as to whether, under the terms of the instrument, she takes a life estate or a fee simple in the real estate of the decedent. I have heretofore held that the application should be entertained. N. Y. L. J. June 17, 1919.

The probate of the document is not contested and as it was executed by a person of full age and sound mind, free from undue influence and not under restraint or duress and with the formalities prescribed by law, its probate will be decreed.

The doubtful provisions as to which construction is asked, are as follows:

" *First*, after my lawful debts are paid, I give in the name of God to my sister Maria Enright the Sole disposition of all my possessions to use as she may see fit during her life. And at the end the said Edwin McGraw be entitled to anything my sister may feel disposed to give to him. also Elizabeth Harris and Mary Trainor — in case of the desease of the Said Edwin McGraw his portion goes to his sisters."

The will is crudely drawn, consists of a printed blank on which the provisions above quoted were partially written in by one evidently unfamiliar with the drafting of such documents and was signed by the testatrix with her mark. The inquiry is directed to determining the intent of the decedent which, when ascertained, must be given effect. *Cammann* v. *Bailey,* 210 N. Y. 19, 30; *Herzog* v. *Title Guarantee & T. Co.,* 177 id. 86.

Was it her intention to give her sister only a life estate with remainder over to the persons named none of whom are heirs at law or next of kin, or did she desire to devise her property to her sister in fee simple absolute? If she intended the former, then what did she mean by the words " I give * * * to

my sister Maria Enright the Sole disposition of all my possessions *to use as she may see fit during her life.*"

It is manifest that her sister would not have the sole disposition of the property " *to use as she may see fit* " if she had only a life estate therein; nor does the fact that the gift of the property is made to her to use as she may see fit " *during her life* " force a different conclusion than the one at which I arrive.

It has been held that a general power to dispose of property includes the power to dispose of it by will unless the grant of the power contains words which expressly or by fair implication exclude such a method of disposition and that the right of absolute disposition in the absence of a disclosed intention to the contrary includes the right of disposition by a last will and testament. *Matter of Gardner,* 140 N. Y. 122; *Tillman* v. *Ogren,* 182 App. Div. 672, 676; *Hayes* v. *Gunning,* 51 Misc. Rep. 517.

If any doubt remains that it was the intention of the testatrix to give her sister the right of testamentary disposition over the property devised to her, it is dispelled by a consideration of the provision of the will that " at the end the said Edwin McGraw be entitled to anything my sister may feel disposed to give to him " for by the words " at the end " she must have meant at the devisee's death, and to make a gift at her death, the devisee must have been invested with the power to devise by her last will and testament.

If we now examine the language which immediately follows that referred to, we find that upon her death the persons mentioned in the will shall be entitled " to anything that my sister may feel disposed to give." There is nothing in that provision which in any way tends to diminish the estate in the property thereto-

fore devised; nor does the fact that the decedent thereafter provides that as to one of the persons mentioned " his portion goes .to his sisters " incline me to a different conclusion.   The language of the instrument with respect to these persons is entirely consistent with the vesting of a fee simple absolute in the person first named.   The words are precatory and simply express a wish or a desire on the part of the decedent that the persons named receive something from her sister, leaving it entirely to the sister to give them as much as she might feel disposed to give them, which, of course, included the right to give them nothing at all.   *Campbell* v. *Beaumont,* 91 N. Y. 465; *Matter of Steiner,* 134 App. Div. 162.

If I am correct in my conclusions that the sister takes a fee simple absolute by virtue of the earlier provisions of paragraph " First " of the document, then even if we consider the provisions with reference to the other persons as constituting a gift over, a construction which, in my opinion, should not be given to them, such gift over would be repugnant to the absolute gift preceding it and void, and the provision would have to be treated as a mere expression of a wish or desire regarding the disposition of so much thereof as might remain undisposed of at the time of the death of the donee.   *Matter of Ithaca Trust Co.,* 220 N. Y. 437, 441.

Nor may the estate which I conclude she has, be qualified or cut down by the subsequent provisions unless the language shows a clear intention to do this by words as definite in their meaning as those by which the estate was established.   *Clay* v. *Wood,* 153 N. Y. 134.   Certainly a construction should not be adopted which would in effect destroy the preceding provisions of the will when another is warranted

·which makes the various parts of this inartistically drawn paragraph harmonious and consistent, one with the other.

Again, by section 153 of the Real Property Law, being Laws of 1909, chapter 52, and constituting chapter L of the Consolidated Laws, it is provided: " Every power of disposition by means of which the grantee is enabled, in his lifetime, to dispose of the entire fee for his own benefit, is deemed absolute." Section 149 of the Real Property Law, *supra,* provides that where an absolute power of disposition, not accompanied by a trust, is given to the owner of the particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and encumbrancers, but subject to any future estate limited thereon in case the power of absolute disposition is not executed and under section 151, Real Property Law, *supra,* where such a power of disposition is given and no remainder is limited on the estate of the grantee of the power, such grantee is entitled to an absolute fee. If, therefore, I am correct in my conclusion that the provisions with reference to the persons other than the sister are merely precatory and we begin with the unwarranted assumption that the use of the phrase " during her life " resulted in the creation of a life estate, then we have a situation where the donee's power of disposition is absolute, is given to the owner of a particular estate for life unaccompanied by a trust with no future estate or remainder limited thereon; and hence, under the foregoing sections of the statute, she is entitled to an absolute fee. The fact that the term " heir " or other words of inheritance are not used is not decisive. *Crain* v. *Wright,* 114 N. Y. 307.

Upon all the grounds stated, I determine that by the

provisions of the document in question, the decedent devised to her sister, Mary Enright, also known as Maria Enright, a fee simple absolute in all of the real estate of which she died possessed, and that the provisions with reference to Edwin McGraw and his sisters and Elizabeth Harris and Mary Trainor, are precatory only.

Decreed accordingly.