Matter of the Judicial Settlement of the Account of the Executor of the Last Will, etc., of JAMES GAFFNEY, Deceased.

(Surrogate's Court, Bronx County, November, 1919.)

Wills — construction of — when absolute gift cannot be cut down by a later provision of a will — when legacies not chargeable upon real estate.

An absolute gift cannot be cut down by a later provision of the will except by language which is as clear as that which created the gift.

That testator, in making a bequest of all his real estate and personal property to one of his daughters, failed to make use of the word " devise " is of no moment, and where the condition of the estate at the time the will was made furnishes no ground for assuming an intention that legacies given by later clauses should be charged upon the. real estate, they must be paid out of the personal property.

PROCEEDINGS for construction of a will on the judicial settlement of the account of executors.

Hirsh & Ehrhorn, for executor.

Robert A. B. Dayton, for legatees.

Charles L. Denks, special guardian.

SCHULZ, S. Upon the judicial settlement of the account of the executor of the last will and testament of the above named decedent, the petitioner asks for a judicial construction of the will. The document so far as material is as follows:

" I James Gaffney being in sound mind and desirous of making my last will and testament do bequeath to my daughter Grace Gaffney all my property both

Surrogate's Court, Bronx County, November, 1919.      [Vol. 109.

real estate and personal. I further appoint Mr. Lee
Sprinkle as my executor and guardian of my daughter
until she is of age. I further direct that the sum of one
thousand five hundred dollars be equally divided
between my two brothers Owen Gaffney and Thomas
Gaffney and my sister Nora Gaffney with the provision
that they erect a monument over the graves of my
mother and father.

" I further direct that the sum of five hundred dol-
lars be paid to my sister Mary Gaffney."

He left him surviving an adopted daughter, Grace
Gaffney, an infant, who is the " daughter " referred to
in the will. Counsel for his brothers and sisters sug-
gests that the balance of the personalty, now in the
hands of the accountant, will probably be used in
defraying necessary expenses of this accounting and
commissions of the executor, so that there will be no
personalty available for the payment of the legacies
to his clients, and urges that the only question pre-
sented is whether such legacies are chargeable upon
the real estate. This may be so, but as some personalty
may remain, the executor is entitled to be advised as to
its disposition, and so I must briefly consider the
provisions of the will with respect to it.

The intention of the testator, of course, must be
given effect, if it can be ascertained. *Matter of
Enright,* 109 Misc. Rep. 337; *Matter of Briggs,* 180
App. Div. 752, 756; mod. and affd., 223 N. Y. 677.

If the first sentence of the will is read without refer-
ence to what follows, the intent seems to be clear that
the decedent wished to give to his adopted daughter all
his property, both real and personal, and if this were
given effect the directions to pay to his brothers and
sisters would fail. The first question, therefore, is
whether the absolute gift of all the decedent's property
in the first sentence of the will has been cut down or

limited by what follows. The rule is well settled that an absolute gift cannot be cut down by subsequent provisions of a will, except by language which is as clear as that which created the gift. *Matter of Enright, supra; Erwin* v. *Waterbury,* 186 App. Div. 569, 571. I am of the opinion that the language used in this will is sufficiently clear to warrant the construction that the decedent desired the payments to his brothers and sisters to be made out of his personal estate, and that the gift of his personal property to his daughter was subject to the payment of the specific amounts directed to be paid to his sisters and brothers.

There then remains the further, and under the circumstances of this proceeding the more important question, whether it was his intention, if the personalty was not sufficient to enable the legacies to his brothers and sisters to be paid, that recourse should be had to his real estate. The account shows that at the time of his death the decedent had in his possession or was entitled to personalty of the aggregate value of $2,071.17. There was also outstanding but not collected, and presumably not collectible, a judgment in favor of the decedent in the sum of $2,639.33. As against this, the decedent owed to various creditors the sum of $898.13. He no doubt did not have in mind the probable expenses of his funeral and of the administration of his estate and may have considered the judgment which he had been unable to collect up to that time as of some value. The situation is not one, therefore, where the testator has so little personalty and knows that fact when he makes his will that the conclusion is warranted that his intention was to have his real estate applied to the payment of such legacies, as in *Briggs* v. *Carroll,* 117 N. Y. 288; *McCorn* v. *McCorn,* 100 id. 511; and some of the other cases cited by counsel for the legatees. The condition of this

Surrogate's Court, Bronx County, November, 1919.     [Vol. 109.

testator's estate, at the time when he made the will, furnishes no ground for assuming that his intent was that the legacies in question should be charged upon the real estate.

The language of the first sentence of the will shows, as clearly as words can show, that the decedent wished his daughter to have his real estate, for he bequeathed to her all his property " both *real estate* and personal." The fact that he did not use the term " devise " is of no moment. *Matter of Tailer,* 147 App. Div. 741, 749; affd., on opinion below, 205 N. Y. 599. The language which follows as clearly shows that the legacies in favor of the brothers and sisters should be paid out of the personalty, for here the decedent says: " that the *sum of one thousand five hundred dollars* be *equally divided,*" and again " *the sum of five hundred dollars be paid;*" but even if a doubt remains from the wording of the provisions in favor of the brothers and sisters, it certainly cannot be said that the language used is as clear and definite as that which the testator employed in his devise to his daughter, and I decline to hold that it shows an intention that the devise of real estate given to the daughter should, in any way, be cut down.

The parties have stipulated that the real estate is valued at about $400. If it was applied to the payments to be made to the brothers and sisters, it would be exhausted long before they received the amounts that the will bequeaths to them, and this child, the adopted daughter of the decedent, would remain unprovided for. I cannot conceive that such was the intention of this decedent, and I do not believe that the language of the document warrants such a determination.

I, therefore, conclude that the payments directed to

be made to the brothers and sisters of the decedent are payable out of the personal property of the decedent and are not chargeable upon the real estate.

Decreed accordingly.