(77 App. Div. 612.)

LEGGETT v. STEVENS et al.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1902.)

1. ACTION—EXECUTOR—CAPACITY TO SUE.
　　An executor has legal capacity to sue for the construction of a will under which his testatrix received the property in his possession, which is claimed by different persons.

2. WILL—CONSTRUCTION—ACTION—RIGHT TO SUE.
　　A certain sum was, by will, left to testator's wife; she to use the income and all of the principal "for her own comfort and support. * * * What is left at her death" to be equally divided, etc. At her death there remained $9,000, which passed into the possession of her executor, and was claimed by each of two persons under her husband's will, and also by her residuary legatees. *Held*, that her executor could maintain an action to construe such provision of her husband's will, to determine to whom such property should be paid.

Appeal from special term, Allegany county.

Action by John C. Leggett, as executor of the will of Minerva P. Stevens, against Addison S. Stevens, individually and as administrator with the will annexed of William P. Stevens, deceased, and others. From a judgment in favor of defendant Addison S. Stevens, plaintiff and defendant Helen E. Eldridge appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Henry E. Keller, for appellant John C. Leggett.
Frank B. Church, for appellant Helen E. Eldridge.
W. J. Wetherbee, for respondent.

McLENNAN, J. So far as material to note, the allegations of the complaint are that one William P. Stevens, a resident of Cuba, Allegany county, N. Y., died on the 18th day of April, 1896, seised and possessed of certain real and personal property, leaving a last will and testament, which was duly admitted to probate, and leaving him surviving his wife, Minerva P. Stevens, and his son, Addison S. Stevens, his only heir at law and next of kin, and the defendant Helen S. Eldridge, who sustained to him the relation of child; that Addison S. Stevens and the widow, Minerva P. Stevens, were duly appointed administrators with the will annexed of the said William P. Stevens, deceased, and duly qualified and entered upon the discharge of their duties as such; that they, as such administrators, fully administered

the estate of the deceased, paying all the debts, all the legacies, and the expenses of administration; that as such administrators they paid over to the widow, Minerva P. Stevens, plaintiff's testatrix, $12,000, in full discharge of the legacy for that amount devised to her by said will; that such devise in the will, which is made a part of the complaint, is contained in the third and fifth provisions thereof, as follows:

"Third. I give my wife, Minerva P. Stevens, the use of ten thousand ($10,000) dollars, and for her own comfort and support she may use the whole principal sum of ten thousand dollars, and what is left at her death, after all her debts and funeral expenses are paid, shall be equally divided between my adopted daughter, Helen S. Eldridge, wife of Rufus C. Eldridge, if she is living; if she has children, to go to them; if not, to go to my nearest akin on my side. * * * Fifth. * * * I also give my wife, Minerva P. Stevens, two thousand ($2,000) dollars in addition to the above mentioned, and on the same conditions above mentioned; that is, the use."

The complaint, in substance, alleges that after such legacies had been fully paid to Minerva P. Stevens, by the delivery to her of property and securities, and while at least $7,000 of such securities were actually in her possession, and about $1,500 in cash, the proceeds of other securities delivered to her, she, on the 27th day of June, 1901, at the village of Cuba, in said county of Allegany, died, also leaving a last will and testament, which is also made a part of the complaint, and by which she devised all her property to the other defendants named, respectively, and appointed the plaintiff sole executor thereof. Such will was duly admitted to probate, and said executor immediately entered upon the discharge of his duties, and took possession of all the property which was in the possession of Minerva P. Stevens at the time of her decease. It is further alleged in the complaint, in substance, that the plaintiff, as executor of the estate of Minerva P. Stevens, deceased, has paid all the debts, has paid and discharged all the specific legacies mentioned in the will, and has distributed all the property of which his testatrix died seised, in accordance with the terms of such will, except the property or the proceeds of the property which came to her from the estate of William P. Stevens, deceased, all of which is now in his hands; that as to such property the defendant Addison S. Stevens demands that the same be paid over and transferred to him, claiming to have become entitled thereto as residuary legatee under the will of William P. Stevens, deceased, upon the death of plaintiff's testatrix, and the termination of her life estate; that the defendant Helen S. Eldrige demands that all of such property be turned over to her, also claiming to be entitled thereto under and by virtue of the will of William P. Stevens, deceased; "that the defendants Enos P. Jepson, Dyer Jepson, Andrew J. Jepson, and Lewis Jepson claim that all of the said "$12,000 legacy now remaining, and especially the notes and cash mentioned above as exceeding $1,500 in value, including all interest which has accrued on the funds of the said legacy up to the time of her death, whether the same had been paid or not, should be paid to them under the residuary clause of her will." It is further alleged in the complaint that the plaintiff, as executor, "holds the securities in trust for the person or persons entitled thereto under said wills, and he is unable to decide as to the rights of the persons claiming the same, or some part thereof, and cannot safely pay the

same over to either or any of them, and therefore desires the aid and instruction of this court as to his duty in the premises; that it is doubtful if the surrogate's court would have complete jurisdiction of all the issues presented by this action, and he comes into this court under its equity jurisdiction, so that complete justice may be done in the premises, and a multiplicity of legal proceedings be avoided, and to that end has made parties hereto all the persons interested in the estate of both decedents." The defendant Addison P. Stevens, both individually and as administrator with the will annexed of William P. Stevens, deceased, demurred to the complaint on the ground:

"First. That the plaintiff has no legal capacity to sue, in that he, as executor of the will of Minerva P. Stevens, deceased, has no interest in the will of William P. Stevens, deceased, or in its construction, or in the distribution of the estate. Second. That said complaint does not state facts sufficient to constitute a cause of action."

The learned trial court made its decision sustaining the demurrer, and from the judgment entered thereon this appeal is taken.

We think the demurrer should have been overruled. The first ground of demurrer, "that the plaintiff has no legal capacity to sue," is untenable. The case of Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790, must be regarded as decisive of this question. In that case the court clearly pointed out the distinction between incapacity to sue and insufficiency of facts to sue upon. The court said:

"Incapacity to sue exists where there is some legal disability, such as infancy or lunacy, or want of title in the plaintiff to the character in which he sues. The plaintiff was duly appointed receiver, and had legal capacity to sue as such, and hence could bring the defendants into court by the service of a summons upon them, even if he had no cause of action against them. * * * Incapacity to sue is not the same as insufficiency of facts to sue upon."

In the case at bar the plaintiff was duly appointed executor of the will of Minerva P. Stevens, deceased, and was acting as such at the time of the commencement of this action. He therefore had legal capacity to sue as such, and hence could bring the defendants into court by the service of a summons upon them.

Are the facts stated in the complaint sufficient to constitute a cause of action? In the case of Sage v. Culver, 147 N. Y. 241, 41 N. E. 513, the court said:

"When a complaint is met by a demurrer on the ground of insufficiency, the question always is whether, assuming every fact alleged to be true, enough has been well stated to constitute any cause of action whatever. * * * The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated."

We think it clear that the complaint in the case at bar states a cause of action of which some court has cognizance, and whether or not the equity branch of the supreme court has jurisdiction, or the power to grant the relief prayed for, or any relief, is technically not raised by the demurrer interposed. That question could only be raised under the second ground of demurrer specified in section 488 of the Code of Civil Procedure,—"that the court has not jurisdiction of the subject

of the action." It has often been held that, if the ground of demurrer specified is not good, the demurrer cannot be sustained because of another defect in a pleading, not specified in the demurrer. Carter v. De Camp, 40 Hun, 258; Town of Mt. Morris v. King, 77 Hun, 18, 28 N. Y. Supp. 281. But the demurrer in this case seems to have been disposed of by the learned trial court, as appears by his memorandum of decision, upon the theory that a court of equity had no jurisdiction to grant relief upon the facts stated in the complaint. The court below said:

"I am of the opinion that the plaintiff cannot maintain this action. It proceeds upon the ground that an executor of an executor is authorized to administer the estate of the first executor, which is not the law of this state."

And after citing In re Moehring, 154 N. Y. 243, 48 N. E. 818, and other authorities, the court said:

"The plaintiff, as the executor of Minerva Stevens, should proceed to an accounting in the surrogate's court, and take the direction of that court as to the disposition of this fund."

Without reference to the technical form of the demurrer, the question will be considered whether or not the plaintiff's complaint states a good cause of action in equity, and entitles him to the relief demanded. Stripped of all technicalities, the action has to do with about $9,000 worth of property, consisting of securities and of cash, the proceeds of securities which were in the hands of plaintiff's testatrix at the time of her decease, and which came to her from her husband's estate in accordance with the terms of his will, and which was paid to her by the administrators in full discharge of the bequests made to her. By the terms of such bequests, she was entitled to use the income and all of the principal "for her own comfort and support. * * * What is left at her death, after all her debts and funeral expenses are paid, shall be equally divided," etc. Under those conditions, when the administrators with the will annexed of William P. Stevens, deceased, paid over the legacies of $12,000 to plaintiff's testatrix, they parted with all interest in such fund as administrators; and they or the survivor of them, as such, had no power or authority to again take possession of the same, and to distribute what remained after the life estate terminated. When the administrators paid over the amount of those bequests to plaintiff's testatrix, they parted with all their interest in it as such administrators, and left the fund to follow the course directed by the will of William P. Stevens, deceased. Smith v. Van Ostrand, 64 N. Y. 278; In re McDougall, 141 N. Y. 21, 35 N. E. 961.

It will be remembered that the complaint alleges that the administrators with the will annexed "thereupon promptly entered upon the discharge of their duties as such, and the estate of said William P. Stevens, deceased, was by them fully administered, and all the expenses of such administration, all the debts owing by said William P. Stevens, and all legacies set forth in his will, were fully discharged and paid, and particularly the sum of $12,000 (less the transfer tax thereon) was on or about the 1st day of May, 1896, fully paid over to said Minerva P. Stevens, by the said Addison S. Stevens as administrator with the will annexed, in full discharge of the legacy of that

amount to her, and that such payment was made in notes, bonds, and mortgages." Upon such payment being made, as alleged in the complaint, Minerva P. Stevens became trustee for the remaindermen of the fund during the continuance of her life. In re Ungrich, 48 App. Div. 594, 62 N. Y. Supp. 975, affirmed in 166 N. Y. 618, 59 N. E. 1131. And upon her death her executor became charged with the duties of such trustee.

The counsel for the respondent urges that Minerva P. Stevens could only have possession of the $12,000 fund as one of the administrators, but the trouble with such contention is that, whatever the fact may be, the complaint alleges that it was paid over to her in discharge of her legacy, and, if paid as alleged, it could never again vest in the administrator. The rule is well settled, as stated by the learned trial court, that an executor of an executor is not authorized to administer the estate of the first testator, and such executor has no interest in the construction of the will of such first testator. This is true unless such construction be necessary in order to enable such executor to discharge the duties of his office. Such is precisely the case at bar. The plaintiff states in his complaint, in substance, that he has about $9,000 in his possession, property left by his testatrix; that different parties are claiming such property or money, each claiming to own the same, —one by virtue of the will of William P. Stevens, deceased, another by virtue of the same will, and others by virtue of the will of his testatrix, —and by reason of such divers claims he states that he is unable to determine to whom the funds so held by him should be paid, and he asks the instruction of a court of equity. Addison S. Stevens, the surviving administrator of William P. Stevens, deceased, has no claim upon the fund as such administrator. He simply stands in the place of an individual, and may properly claim that, as an individual remainderman, he is entitled to have such fund paid to him. In order to determine which of the claimants are entitled to the fund, it will be necessary to construe the will of William P. Stevens, deceased; and when that is determined the fund will be paid to them, and not to the administrators or the surviving administrator for distribution. A court of equity is the proper tribunal to settle these conflicting claims; and the plaintiff ought not to be put to the hazard of paying to one claimant as against another, except under the advice and direction of the court.

It is urged that the plaintiff should proceed to an accounting in surrogate's court, and take the direction of that court as to the disposition of the funds in his hands. We think, to say the least, that the authority of the surrogate to adjust the entire controversy between the parties to this action is doubtful; but without passing upon that question, as it is not in any manner raised by the demurrer, we think that a court of equity has ample power to adjust all the matters in dispute between the parties, and that the plaintiff is entitled to its advice and instruction with reference to the disposition of the funds in his hands referred to in the complaint.

The conclusion is reached that the plaintiff has legal capacity to sue, and that the facts stated in the complaint are sufficient to constitute a cause of action; and it follows that the judgment sustaining the de-

murrer should be reversed, with costs of this appeal, with leave, however, to the defendant to answer the complaint within 20 days, upon payment of the costs of this appeal. Having reached this conclusion, it follows that the order for the extra allowance should also be reversed.

Judgment and order reversed, with costs, with leave to defendant to answer the complaint within 20 days, upon payment of the costs of this appeal and of the demurrer.

ADAMS, P. J., and WILLIAMS and HISCOCK, JJ., concur. SPRING, J., not voting.