A. WELLINGTON PECK et al., as Executors of ALBERT PECK, Deceased, Respondents, *v.* MARY C. SMITH, Appellant.

Will — bequest and devise to beneficiary to use such part of principal as she might deem necessary and with power to sell real estate and use proceeds thereof — executors cannot maintain action to recover moneys left at death of testator's widow — right to action accrued to residuary legatees.

When testator bequeathed to his wife the use of a certain sum of money for life " with the right and privilege to use such part or portion of the principal thereof as to her shall seem meet and proper," and also devised to her for life the use, rents and income of certain real estate with the right and privilege of selling the same, should she deem it necessary, and further provided that if there should be any part of the sum bequeathed to his wife and the said real estate or the proceeds thereof left at the time of her death, such moneys and said real estate or its equivalent should be divided among certain legatees, the executors of testator who in accordance with his will had turned over to his widow, absolutely and without reservation the moneys bequeathed, and real estate devised, to her, cannot maintain an action to recover certain bonds and mortgages constituting part of the fund bequeathed to the widow which she had transferred to another. After the delivery of the fund to testator's widow, the executors had no further control over or right to the fund. When testator's widow

died whatever portion of the fund remained belonged to the legatees named in his will and hence whatever right of action there was accrued to such legatees.

*Peck* v. *Smith,* 183 App. Div. 336, reversed.

(Argued October 21, 1919; decided November 18, 1919.)

APPEAL from a judgment entered May 20, 1918, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury and directing judgment in favor of plaintiffs.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Talbot* and *William W. Wemple* for appellant. The action must be brought by the remaindermen and cannot be maintained by the executors. (*Leggett* v. *Stevens,* 185 N. Y. 70; *Smith* v. *Van Ostrand,* 64 N. Y. 278; *Spencer* v. *Strait,* 38 Hun, 228; 40 Hun, 463; *Matter of Comer,* 72 Misc. Rep. 321; *Seward* v. *Davis,* 198 N. Y. 415; *Shea* v. *Campbell,* 71 Misc. Rep. 222.)

*Horatio D. Wright* for respondents. This action is properly brought in the name of the executors. (*Munnally* v. *Robinson,* 113 App. Div. 848.)

CRANE, J. This action is brought by A. Wellington Peck and John Francis Peck, as executors of the last will and testament of Albert Peck, deceased, against Mary C. Smith, to recover the possession of two bonds and mortgages valued respectively at $1,000 and $3,500. The right of the plaintiffs is based upon the provisions of the will of Albert Peck who died July 2, 1911, in the county of Fulton, New York.

His will was as follows so far as relates to this litigation.

" *Second.* I give and bequeath to my wife, Grace A. Peck, the use of the sum of twenty thousand dollars, for and during the term of her natural life, with the right

and privilege to use such part or portion of the principal thereof as to her shall seem meet and proper.

" *Third.* I give, devise and bequeath to my wife, Grace A. Peck, for and during the term of her natural life, the use, rents and income of the house, lot and premises owned by me, situate on the west side of North Perry Street, in the City of Johnstown, New York, known as the Johnson property, with the right and privilege of selling the same if at any time she should deem it necessary, and the right and privilege to use such part or portion of the proceeds of the sale of said house as to her shall seem meet and proper; and a conveyance by her of said house and lot to any person shall be deemed to be an exercise of the right herein conferred upon her to sell and convey the same, and her conveyance thereof shall be valid and effectual forever. If, at the time of the death of my wife, Grace A. Peck, there shall be left any part or portion of the sum of twenty thousand dollars given and bequeathed to my said wife in paragraph Second of my said will and the house and lot situated on North Perry Street, or the proceeds thereof mentioned in paragraph Third of my said will, then I give, devise and bequeath said sums, and the said house and lot, or the proceeds thereof, to such of the legatees mentioned in this will as shall be living at the time of my death, and whose names are mentioned in paragraph Twenty-fifth of my said will; said moneys and said house and lot, or its equivalent, to be divided among such legatees in equal shares, each person named in said Twenty-fifth paragraph to take one of said equal shares."

There were seventeen persons named in the twenty-fifth paragraph as entitled to all the rest, residue and remainder of the testator's property both real and personal. The will did not in terms appoint trustees but did name executors in the following language: " I make, constitute and appoint my wife, Grace A. Peck, and my nephews, Wellington Peck and John Francis

Peck, to be executrix and executors of this my last Will and Testament hereby revoking all former Wills by me made."

The $20,000 referred to was paid to the widow, Grace A. Peck, no bond or undertaking being demanded or taken by the executors for the return or preservation of any part thereof for the remaindermen. On the 15th day of November, 1912, in the Surrogate's Court of Fulton county, the executors finally and judicially settled their accounts.

The bonds and mortgages for which this action was brought are part of this fund of $20,000 paid to the widow.

Grace A. Peck, after the death of her husband, went to live with her sister, Mrs. Alice E. Bradley, in San Francisco, California, where she remained until the time of her death, February 21st, 1915. By assignments properly executed on September 22d, 1911, Grace A. Peck conveyed to her sister, Alice E. Bradley, the two bonds and mortgages in question, the trial court finding that she received in return an agreement from her sister to support and maintain her during life. The trial court also found that by the will of Albert Peck his widow had an absolute power of disposition, irrespective of her needs, and could make a valid gift of these bonds and mortgages or any part of the $20,000 to her sister. The defendant, in this case, is merely the holder of the bonds and mortgages for Alice E. Bradley.

These findings were reversed by the Appellate Division which substituted for them a finding that it was the intention of Mrs. Peck in transferring the securities in question to her sister that she, Mrs. Peck, should have the use of the property during the lifetime of both sisters and at the death of either of them the survivor should become the absolute owner thereof. In addition it found that the transfer was not made for the use, comfort and benefit of Mrs. Peck, that she did not deem such disposition of the property meet and proper, that

it was made in bad faith and for the purpose of wrongfully taking the property away from her husband's beneficiaries.

The Appellate Division thereupon reversed the judgment of the trial court and directed judgment for the plaintiffs. We are not inclined to disturb these findings of fact made by the Appellate Division as there is some evidence or reasonable inferences from the testimony and exhibits to justify them.

The judgment, however, cannot be sustained as the plaintiffs have no right to maintain the action and are not the proper parties to sue. The $20,000 was a legacy given to the widow, Grace A. Peck, and in the nature of a life interest. It has been paid over to her by the executors absolutely and without any reservations. She became a trustee for the benefit of the remaindermen of that portion of the fund which she did not deem it meet and proper to use within the intention and purposes of the will. The executors of Mr. Peck's will had no further control over or right to this fund. When Mrs. Peck died whatever portion of the amount remained belonged to the legatees named in the twenty-fifth clause of Mr. Peck's will. They could call upon the executor or administrator of Mrs. Peck's estate for an accounting and could maintain appropriate action to follow any funds illegally disposed of. Whatever right of action there was accrued to the legatees; the executors of Mr. Peck's estate had none under the circumstances here developed. *Smith* v. *Van Ostrand* (64 N. Y. 278, 285) is like this case upon this point except that the action was brought by the legatees. This court said, " the plaintiffs were, I think, the proper parties to claim the fund. The executors of Garrett I. Smith, when they paid it over to the widow, parted with all interest in it, and left it to follow the course directed by the will. They were required by the will to pay it over to the widow, and having done so were discharged from all liability, and divested of all power concerning it.

If, as in the case of *Tyson* v. *Blake* (22 N. Y. 558), they had taken a bond for the return of the principal to them, to be disposed of according to the will, they might have been the proper parties to sue upon the bond. But they retained no such control over the fund, and the plaintiffs are now the real and only parties interested therein, and I think the action properly brought by them."

This law was followed in *Leggett* v. *Stevens* (185 N. Y. 70) and has been applied by the Appellate Divisions. (*Matter of Hamlin*, 141 App. Div. 318; *Leggett* v. *Stevens* when before the Appellate Division in 77 App. Div. 612, and by the General Term in *Spencer* v. *Strait*, 40 Hun, 463.)

The judgment of the Appellate Division should, therefore, be reversed and that of the Trial Term affirmed, with costs to the appellant in all the courts.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur; ANDREWS, J., not voting.

Judgment reversed, etc.