In the Matter of the Estate of CHARLES DUDLEY DEAN, Deceased.

Surrogate's Court, Broome County, March 10, 1938.

*Herbert H. Ray,* for the petitioner.

*Laverne M. Twining,* for Grace R. Dean, individually and as executrix, etc., of Ruth Dean, deceased, and for Bessie Dean.

*Wales, Riley & Fischette,* for Wallace Dean and Minnie Dean.

*Green & Anderson,* for Florence T. Smith, individually and as administratrix, etc., of Jane M. Dean, deceased, and for Laura MacClary.

*Ralph L. Emmons,* for Walker F. Sherwood, as administrator, etc., of Charles Dudley Dean, deceased.

BAKER, S. This is an application for construction of the will of Charles Dudley Dean, deceased.

The material facts respecting the construction question as they appear from the record are as follows:

Testator executed his will August 18, 1919, and died April 11, 1925. The will was probated in this court July 24, 1925, and letters of administration with the will annexed thereon were duly issued to Harriette G. Dean.

At the time of the execution of the will and at the time of his death, testator's immediate family consisted of his wife, the said Harriette G. Dean, with whom he lived in the city of Binghamton, N. Y. He had no children or descendants. His heirs at law and next of kin consisted of three brothers and two sisters, also six nieces, the latter being children of deceased brothers.

Testator's estate consisted of one parcel of real property with an equity therein of the estimated value of $6,000, and personal property of the estimated value of $6,256. It appears that his wife, during her lifetime, used all of the personal property, but did not dispose of the real property. At the time of her death she had unpaid obligations.

Harriette G. Dean died September 4, 1931, leaving a will which was probated in this court September 13, 1937, and letters testamentary thereon were duly issued to Myrtle F. Dorey.

The will of Charles Dudley Dean, which was drawn by a person unskilled in the preparation of wills, reads as follows:

" LAST WILL AND TESTAMENT OF CHARLES DUDLEY DEAN.

" I, Charles Dudley Dean, being of sound mind, do hereby devise and bequeath to my wife, Harriet G. Dean, to have and to hold during her lifetime, all real and personal property that I now possess or may possess at the time of my demise. In case of her death, it is my wish and desire that any unused portion of my estate, real and personal, or any income derived therefrom, be disposed of as directed by a codicil to be hereafter attached to this instrument. In attest to the validity of this document, I do hereby affix my signature.

" CHARLES DUDLEY DEAN
" BINGHAMTON, N. Y.
" Aug. 18, 1919.

" Witnessed by
 " LOUISE C. DECKER.
 " WINFRED C. DECKER."

From an examination of the will, it is to be noted that the testator made no bequest or devise over of any remainder after the death of his wife, except a " wish and desire that any unused portion of my

estate, real or personal, or any income derived therefrom, be disposed of as directed by a codicil to be hereafter attached to this instrument."

Although testator, at the time of making his will, probably intended to thereafter execute a codicil, he failed to do so, with the result that by such omission, no legal effect can be given to the words in the will which refer to the disposition by a codicil of the remainder of the property. (*Hill* v. *Fiske*, 69 Misc. 507.)

Under the function of interpretation of this will, two propositions are presented for solution:

*First.* Under the terms of the will, was it the testator's intention to give his wife a life estate only, or did he intend, during her lifetime, to give her the absolute power of disposition of all of his property and the right to exhaust all of it if she saw fit?

*Second.* If it be determined that Harriette G. Dean was given an absolute power of disposition under the terms of the will, does it follow that she took an absolute fee under the statute, as no remainder was limited on her estate, or did testator die intestate as to such remainder?

The answer to the first question here presented lies in the intent of the testator. A testator speaks as of the date of his will and his intent must be gathered from the time when the will was written. (*Matter of Hoffman*, 201 N. Y. 247, 255; *Morris* v. *Sickly*, 133 id. 456, 459, 460; *McLean* v. *Freeman*, 70 id. 81; *Matter of Moller*, 247 App. Div. 35, 37.) In endeavoring to ascertain his intent at that time we must first look to the context of the will, to the language which the testator used (*Matter of Buechner*, 226 N. Y. 440, 444; *Salter* v. *Drowne*, 205 id. 204, 212; *Matter of Keogh*, 126 App. Div. 285, 287; affd., 193 N. Y. 602; *New York Trust Co.* v. *Thomas*, 142 App. Div. 689, 691), as the law presumes that the language used expresses the testator's intent. (*Matter of Catlin*, 97 Misc. 223, 229.) We must also keep in mind that no words used by the testator should be cast aside as meaningless, but that effect must be given, if possible, to every word and provision. (*Rosebloom* v. *Rosebloom*, 81 N. Y. 356; *Matter of Briggs*, 180 App. Div. 752; *Kent* v. *Fisk*, 151 id. 279; *Matter of Hemstreet*, 101 Misc. 340.) We must also keep in mind that it is the duty of the court " to interpret, not to construct; to construe the will, not to make a new one." (*Simpson* v. *Trust Co. of America*, 129 App. Div. 200, 203; *Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86; *Tilden* v. *Green*, 130 id. 29, 51; *Eidt* v. *Eidt*, 203 id. 325, 328.) It is the testator's property of which disposition is being made, and he may, unless contrary to public policy, and within limits prescribed by the statute, say where it shall go.

In the instant will the dominant idea in the testator's mind is clear, that his wife was to receive,. during her lifetime, the fullest measure of his estate for any purpose which she might desire, as the devise and bequest to her, followed by the words " to have and to hold during her lifetime, all real and personal property " and " any unused [Italics mine] portion of my estate, real or personal," clearly indicate that the testator intended to confer upon his wife a general (Real Prop. Law, § 134), beneficial (Id. § 136) and absolute power of disposition (Id. § 153) of all of his property. She had the power to consume or dispose of the corpus as well as any income it might produce. She was in entire control and all might be used, without limitation or restriction, if it pleased her, and the testator did not intend that necessarily there would be anything left upon the death of his wife. (*Leggett* v. *Firth*, 132 N. Y. 7; *Seaward* v, *Davis*, 198 id. 415; *Matter of Davies*, 242 id. 196; *Matter of Fitzpatrick*, 252 id. 121; *Mitchell* v. *Van Allen*, 75 App. Div. 297; *Matter of Sievert*, 246 id. 457; *Spencer* v. *Strait*, 38 Hun, 228; *Greyston* v. *Clark*, 41 id. 125; *Thomas* v. *Wolford*, 49 id. 145; *Rood* v. *Watson*, 54 id. 85; *Colvin* v. *Young*, 81 id. 116; *Shea* v. *Campbell*, 71 Misc. 222; *Matter of Granfield*, 79 id. 374.)

In *Matter of Davies* (*supra*) the Court of Appeals says (at p. 200): " Since the power to so dispose of the property was subject to no trust or condition, it was clearly ' absolute ' within the statutory definition. A life estate coupled with a power of sale in the life tenant to dispose of the fee for his own benefit gives to the life tenant practically the same right of enjoyment and power of disposition as a fee of the same property."

In *Matter of Sievert* (*supra*) it is said (at p. 459): " The purpose of the decedent to give his son and daughter-in-law not only the use of his property, after the payment of his debts and funeral expenses, but the right to invade the principal as they saw fit, stands out with crystal clearness. The will gives to them the residue of the testator's estate jointly during their natural lives, and in case either dies the property reverts to the one living, ' or so much thereof as remains unexpended.' This last clause indicates in no ambiguous terms that decedent contemplated that his beneficiaries might spend so much of the principal as they desired. The word ' unexpended ' is significant. Testator did not stop with the expression ' so much thereof as remains;' he took no chances that his wishes might be misunderstood; he made it certain that the language which he employed would not be construed to cover only a shrinkage in the value of the estate. The word ' unexpended ' carries with it a clear and unambiguous purpose on decedent's part to give his beneficiaries unrestricted power and authority to ' spend ' such part of the corpus

of his estate as they saw fit. He nowhere limits the amount of such disbursement, nor does he constitute or appoint any one, other than the recepients of his gift, the arbiter of the extent of the invasion."

Provisions for the benefit of a wife should be construed liberally in her favor. (*Moffett* v. *Elmendorf*, 152 N. Y. 475, 487.)

This is not a case where the power of disposition given in the will is limited to a specific purpose. (*Terry* v. *Wiggins*, 47 N. Y. 512; *Smith* v. *Van Ostrand*, 64 id. 278; *Rose* v. *Hatch*, 125 id. 427; *Swarthout* v. *Ranier*, 143 id. 499; *Hasbrouck* v. *Knoblauch*, 130 App. Div. 378; *Matter of Stevens*, 241 id. 490; affd., 265 N. Y. 524; *Vincent* v. *Rix*, 248 N. Y. 76.)

I hold and determine that under the terms of the instant will Harriette G. Dean was, during her lifetime, vested with an absolute power of disposition, without any limitation or restriction whatsoever, over all of the testator's property.

There remains for consideration the adjudication as to whether Harriette G. Dean took an absolute fee under the statute, as no remainder was limited on her estate, or whether the testator died intestate as to any remainder.

It is a well-settled rule in the construction of wills that where a will is susceptible of a construction by which there may be a testamentary disposition of the entire estate of the testator, that construction will be given, for it is to be presumed that the testator by executing a last will and testament intended to dispose of his entire estate, and, therefore, the general rule is that a construction which avoids intestacy as to any part of an estate is to be given, rather than one which creates intestacy. (*Schult* v. *Moll*, 132 N. Y. 122, 127; *Johnson* v. *Brasington*, 156 id. 181, 186; *Meeks* v. *Meeks*, 161 id. 66, 71; *Hadcox* v. *Cody*, 213 id. 570, 572; *Matter of Ossman* v. *Von Roemer*, 221 id. 381, 387; *Waterman* v. *N. Y. Life Ins. & Trust Co.*, 237 id. 293, 300; *Matter of Hayes*, 263 id. 219, 224, 225; *Ward* v. *Stanard*, 82 App. Div. 386, 389; *Nicholas* v. *Farmers' Loan & Trust Co.*, 224 id. 540, 541.)

In *Waterman* v. *N. Y. Life Insurance & Trust Co.* (*supra*) the Court of Appeals says: "There is a struggle always to avoid intestacy."

In *Hadcox* v. *Cody* (*supra*) it is said: "The fact of making a will raises a very strong presumption against an expectation or desire on the part of the testator of leaving a portion of his estate undisposed of by his will."

*Meeks* v. *Meeks* (*supra*) contains the following statement: "We should, if possible, give to the language of the testator a construction which will render the instrument operative rather than invalid and

an interpretation that will produce intestacy as to any part of the estate is to be avoided if possible."

*Matter of Hayes (supra)* expresses the same idea in the following manner: " Many decisions by this court have stated the principle, in different language, that an interpretation that will result in intestacy as to any part of an estate is to be avoided if possible."

In *Johnson* v. *Brasington (supra)* the rule was also approved and followed, with the result that the testator's real property was diverted from his collateral relatives to strangers to his blood. To like effect see *Matter of Palmer* (85 App. Div. 117; affd., 182 N. Y. 518).

It having been determined that the testator clearly intended to confer upon his wife, during her lifetime, an absolute power of disposition without any limitation or restriction whatsoever of all of his property, the court in order to make proper distribution of the remainder herein, must determine the effect, under the statute in force at the time of testator's death, of the provisions of the will as it is written.

A will is ambulatory and speaks from the date of death, not from the time of its execution. (*Matter of Goldberg*, 275 N. Y. 186, 192; *Brundage* v. *Brundage*, 60 id. 544, 548; *Hirsch* v. *Bucki*, 162 App. Div. 659.)

Sections 149 and 150 of the Real Property Law are quoted as aids in the construction of section 151, which, in my opinion, governs the solution of the problem herein.

" § 149. When estate for life or years is changed into a fee. Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts.

" § 150. Certain powers create a fee. Where a like power of disposition is given to a person to whom no particular estate is limited, such person also takes a fee, subject to any future estates that may be limited thereon, but absolute in respect to creditors, purchasers and incumbrancers.

" § 151. When a grantee of power has absolute fee. Where such power of disposition is given, and no remainder is limited on the estate of the grantee of the power, such grantee is entitled to an absolute fee."

In *Farmers' Loan & Trust Co.* v. *Kip* (192 N. Y. 266) the Court of Appeals says (at p. 279): " the statutory effect, and not the donor's intent, is the controlling factor in the construction of powers."

 

The Appellate Division in the Second Department has rendered a decision as to the effect, under the statute, of an absolute power of disposition where no remainder was limited over, in application to a will which contained no express devise of real property but gave an absolute power of disposition over all property. The court, after reviewing authoritative precedents, held that under the statute the grantee of the power was vested with an absolute fee in the real property. (*West* v. *West*, 215 App. Div. 285.)

The provisions of section 151 are clearly applicable to the power contained in this will, as the wife is given an absolute power of disposition and no remainder is limited on the estate of the grantee of the power; therefore, she is entitled to an absolute fee, even though the gift and devise herein are somewhat qualified, *e. g.*, " during her lifetime." (*Ryder* v. *Lott*, 123 App. Div. 685; affd., 199 N. Y. 543; *Deegan* v. *Wade*, 144 id. 573; *Matter of Moehring*, 154 id. 423; *Matter of Enright*, 109 Misc. 337; *Matter of Lynn*, 34 id. 681; *Matter of Whiting*, 149 id. 382; *Matter of Marsullo*, 160 id. 148; *Wood* v. *Watson, supra.*) In all of the cases just cited it was in substance held that the express characterization of an estate as one for and/or during the life of the grantee did not limit it to a life estate where the other elements of the statute are present, and estates expressly termed to be " for," " during," " for and during," and " in " the life of the grantee were transmuted into an absolute fee by force of the terms and general policy of the statute, there having been no ulterior limitations. The cited sections of the Real Property Law apply also to personal property. (*Cutting* v. *Cutting*, 86 N. Y. 522; *Matter of Moehring, supra.*)

I further hold and determine in the instant case that the testator, by the power granted in the will, under the statute, vested in his wife, Harriette G. Dean, absolute ownership in all of his personal property and an absolute fee in all of his real property, and being vested in her it was not necessary to consummate the same by execution. The absolute ownership of the personal property and the absolute fee of the real property being vested in her, she could dispose of the same as she saw fit. She has used the personal property and disposed of the real property by will, which she had a perfect right to do.

Enter decree on five days' notice construing the will accordingly.