In the Matter of the Estate of OSCAR F. ZOLLIKOFFER, Deceased.

Surrogate's Court, Westchester County, March 10, 1938.

* Revg. 160 Misc. 680.

*Rosenblum & Sommer* [*Abraham Rosenblum* and *Ralph S. Hein* of counsel], for John Wilmot Brewer, Oscar F. Zollikoffer, Talbot Brewer and Elfriede F. Babcock, petitioners.

*Mitchell, Taylor, Capron & Marsh,* for F. Christopher Weber, Frank R. Castler and the Central Hanover Bank and Trust Company, as executors, etc., of Emily A. Zollikoffer, deceased, life tenant.

*Alfred J. Wolff,* for the Downtown Investing Corporation.

*Cadwalader, Wickersham & Taft* [*W. Dickson Cunningham* of counsel], for the New York Association for Improving the Condition of the Poor, legatee.

*Shearman & Sterling,* for the New York Trade School, legatee.

*Curtis, Mallet-Prevost, Colt & Mozle,* for the Lenox Hill Hospital, legatee.

MILLARD, S. Petitioners have applied for an order directing that certain moneys in the hands of the executors of the will of Emily A. Zollikoffer, deceased, the life tenant under the will of Oscar F. Zollikoffer, deceased, be applied to the payment of the legacies given under the will of the said Oscar F. Zollikoffer, deceased.

The respondent Downtown Investing Corporation has appeared specially and moved to dismiss this application upon the grounds generally (1) that it is not a necessary party to this proceeding; and (2) that the court is without jurisdiction to entertain the same.

The decedent, a resident of Westchester county, died on July 18, 1918, leaving a will, duly admitted to probate on August 8, 1918. Letters testamentary were issued to The Farmers' Loan and Trust Company (now known as City Bank Farmers Trust Company) and Emily A. Zollikoffer, widow of decedent, the executors named in said will.

By paragraph " thirteenth " of his will testator gave his widow a life interest in the residue of his estate, with the privilege to use the whole or any part thereof as she might think proper. Paragraph " thirteenth," so far as pertinent here, reads as follows:

" *Thirteenth*. All the rest, residue and remainder of my estate, both real and personal, of every nature and description, I give, devise and bequeath unto my beloved wife, Emily Augusta Zollikoffer, and while desiring that my wife shall freely use and expend the whole or such part of it as she may think proper for her own comfort and enjoyment, or for such benevolent or charitable objects as she may think best, yet whatever amount of the principal of my estate is not so expended by her before her death, I direct shall be collected or otherwise converted into money and paid over as follows:"

Then follow gifts of money legacies to various named individuals and charitable organizations, aggregating $100,000.

By paragraph " fourteenth " of his will testator gave to his nephews, John Wilmot Brewer, Oscar Zollikoffer Brewer and Talbot Brewer, and his niece, Elfriede F. Babcock, the petitioners herein, " all the rest, residue and remainder of such proceeds, share and share alike, and if any of them shall have died leaving issue, such issue shall take the share their parent would have taken if living, and if any of them shall have died without leaving issue, the share of the one so dying, shall go to the survivors."

The executors thereafter accounted, and a decree settling their accounts was entered on September 30, 1920. The decree provided, among other things, that the executors deliver to the widow

" the securities and property set out in Schedule B of their account herein, in full payment and satisfaction of the rest, residue and remainder of the estate of said decedent bequeathed to her by the provisions of said Clause Thirteenth of his said will." The decree further provided that, upon complying with the provisions of the decree, the said executors be discharged as to all matters embraced in their account, " except that said Emily A. Zollikoffer shall individually remain charged with the property hereinabove directed to be delivered to her, to be held and disposed of by her pursuant to the terms of said will."

Pursuant to the provisions of said decree, Emily A. Zollikoffer received from the executors all of the property comprising the residuary estate, and enjoyed the use thereof until her death on April 13, 1935.

At the time of her death Emily A. Zollikoffer was a resident of the city and county of New York. She left a last will and testament and codicils thereto, which were duly admitted to probate by the Surrogate's Court of New York county on May 29, 1935. Letters testamentary were issued to F. Christopher Weber, Frank R. Oastler and Central Hanover Bank and Trust Company, the executors named in said will. Frank R. Oastler, one of the executors, died on August 2, 1935, and thereafter one Robert Buttlar was duly substituted as executor in his place. The executors of Emily A. Zollikoffer, deceased, now have possession of the property of this decedent not disposed of by her at the time of her death.

On or about October 14, 1935, F. Christopher Weber, Frank R. Oastler and Central Hanover Bank and Trust Company, as executors of Emily A. Zollikoffer, deceased, filed a petition for the judicial settlement of the account of Emily A. Zollikoffer, deceased, as life tenant under the will of Oscar A. Zollikoffer, deceased, and for a construction of his will. Thereafter a decision was made on January 2, 1936 (*Matter of Zollikoffer*, 157 Misc. 837), but no decree has been entered in conformity therewith.

Petitioners allege that the personal estate of this decedent remaining in the hands of the executors of Emily A. Zollikoffer, the deceased life tenant, cannot be liquidated at the present time, and hence is unavailable to pay the balance due upon the legacies given in his will.

Included in the assets of this estate is a parcel of real property known as No. 202 Broadway, in the borough of Manhattan, city of New York, which the executors of the said Emily A. Zollikoffer, deceased, and these petitioners, contracted to sell to Delna Estates, Inc. Said contract of sale was made jointly with a contract of sale of another parcel of real property owned by Emily A. Zollikoffer,

known as No. 200 Broadway, borough of Manhattan, in which contract her executors were named as sellers, and the Delna Estates, Inc., as the purchaser. Thereafter, by certain mesne assignments, said contract was assigned to the Downtown Investing Corporation, one of the respondents. The time for the delivery of the deed was postponed from time to time until, it is alleged, the Downtown Investing Corporation defaulted in the performance of the terms of said contract.

The Central Hanover Bank and Trust Company, in behalf of itself and its coexecutors, received the sum of $31,565.27 on account of the purchase price of the premises at No. 202 Broadway, New York city, out of which it has made certain disbursements, and now has a net balance of $26,528.78 remaining in its hands applicable for distribution. Petitioners request that said sum, less legal fees, commissions and disbursements, be applied by the executors of Emily A. Zollikoffer, deceased, toward the payment of the legacies set forth in paragraphs " thirteenth " and " fourteenth " of the will of this decedent.

Emily A. Zollikoffer, as life tenant under the will of her husband, was the trustee of the *corpus* of his estate undisposed of by her at the time of her death, for the benefit of the remaindermen named in paragraphs " thirteenth " and " fourteenth " of his will. The duty of accounting for this property after her death is incumbent upon the executors of her estate. (*Peck* v. *Smith*, 227 N. Y. 228.) The undisposed of property remains a part of the estate of Oscar F. Zollikoffer, deceased, and is to be administered in accordance with the provisions of his will. The court having assumed jurisdiction to probate and construe his will, retains it exclusively for all purposes. (Surr. Ct. Act, § 44.) The courts have repeatedly held that section 40 of the Surrogate's Court Act, as it now stands, confers upon the court complete legal and equitable jurisdiction in all matters relating to the affairs of a decedent. (*Matter of Raymond* v. *Davis*, 248 N. Y. 67.)

Section 206-a of the Surrogate's Court Act provides that: " A person having a claim to specific money or other personal property or the proceeds thereof alleged to be in the possession or under the control of an executor, administrator, temporary administrator, guardian or testamentary trustee may present to the Surrogate's Court from which letters were issued, a petition setting forth the facts and praying that such representative be cited to show cause why he should not be required to deliver such specific money or other personal property or the proceeds thereof in his possession or under his control. *In such a proceeding, citation must issue to and be served upon such representative and all persons interested in the estate and in the specific property, whose rights or interests would*

*be affected by the decree.* [Italics mine.] Upon the return of the citation, the surrogate must hear the proofs of the parties, determine the issue, adjudicate the respective interests of the parties in such property or the proceeds or value thereof, and make a decree directing delivery or payment as justice requires."

The provisions of the foregoing section are applicable to the case at bar. As stated, the deceased life tenant occupied a position analogous to that of a testamentary trustee as to that part of her husband's property which was undisposed of by her during her lifetime. Therefore, this court has jurisdiction to compel her executors to account for and deliver over any property belonging to the estate of this decedent which has come into their hands. (Surr. Ct. Act, §§ 266, 267.)

The petitioners are " persons interested " in the estate or fund (Surr. Ct. Act, § 314, subd. 10), and, as such, have a right to maintain this proceeding (Surr. Ct. Act, § 206-a).

The pending proceeding is not one to decide any rights arising under the contract of sale hereinbefore mentioned. Any rights asserted thereunder are not now before this court for adjudication.

The objections are dismissed and the application of the petitioner is granted.

Submit decree on notice.