Catherine P. **HAMRICK** and Wylie L. Hamrick, as Administrators of the Estate of Lyman A. Hamrick, deceased, Plaintiffs,

v.

R. C. **PITTS**, Individually and as Director of Internal Revenue, Defendant.

Civ. A. No. 1604.

United States District Court
W. D. South Carolina,
Spartanburg Division.
March 17, 1955.

T. Sam Means, Jr., R. E. Browne, III, J. Davis Kerr, Spartanburg, S. C., for plaintiffs.

Joseph E. Hines, U. S. Atty., Greenville, S. C., Carrington Williams, Department of Justice, Washington, D. C., for defendant.

WYCHE, Chief Judge.

In this action the plaintiffs seek the recovery of estate taxes paid on the Estate of Lyman A. Hamrick, deceased, in the amount of $29,105.21, paid under protest, together with interest.

Upon the trial before me without a jury, the parties entered into a written stipulation as to the facts, and the question of law to be decided by the Court.

In compliance with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S. C.A., I find the facts specially and state my conclusions of law thereon as follows:

Findings of Fact

The facts as stipulated are as follows:

"1. Lyman A. Hamrick died intestate June 16, 1950, a citizen and resident of Cherokee County, South Carolina, and leaving a widow and two children surviving. Under the South Carolina Statute of descent and distribution the widow is entitled to one-third of the intestate's estate and the two children are entitled to two-thirds of the estate.

"2. Catherine P. Hamrick and Wylie L. Hamrick, plaintiffs herein, are the duly qualified and acting Administrators of the estate of Lyman A. Hamrick, deceased.

"3. That heretofore the plaintiffs have paid to the Director of Internal Revenue the Federal estate tax assessed against the estate in the amount of $245,973.24.

"4. That heretofore the plaintiffs have filed a claim for refund for part of the estate tax so paid and in this action seek to recover that part of the Federal estate tax and interest occasioned by the Director's treatment of the marital deduction, which resulted in a decrease of the marital deduction. The amount sued for in the complaint, the sum of $29,105.21, represents that part of the estate tax and interest caused by the Director's decrease in the marital deduction.

"5. That the Probate Court for Cherokee County, South Carolina, by its Decree dated December 8, 1951, held that the widow is entitled to take her one-third interest in the estate free and clear of the Federal estate tax.

"6. The question for determination is whether or not under the laws of South Carolina and of the United States the widow takes her one-third share in the estate free and clear of any part of the Federal estate tax."

I find the following additional facts:

7. The deficiency in the federal estate tax of $26,220.91, and interest thereon of $2,884.30, was assessed by the Director of Internal Revenue as a result of his determination that the widow was not entitled to take her interest in the estate free and clear of the estate tax, and that the marital deduction allowed by the federal estate tax statute must be reduced by the proportionate share of the estate tax.

8. The assessed deficiency in the tax was paid on July 16, 1953, and the interest thereon was paid on August 4, 1953, both under protest, and the claim for refund was denied.

### Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action.

2. Under the South Carolina statute governing the descent and distribution of intestate estates, the widow receives one-third of the estate and the children receive two-thirds of the estate.

3. The widow's interest in the decedent's estate qualifies as a marital deduction under 26 U.S.C.A. § 812.

4. The decree of the Probate Court for Cherokee County, South Carolina, under whose jurisdiction the estate is being administered, holding that the widow's interest in the estate is free and clear of the estate tax, is binding on the estate and the beneficiaries.

5. The marital deduction provision of 26 U.S.C.A. § 812 was passed to equalize the federal estate tax between residents of common-law states and residents of community property states.

6. The ultimate impact of the federal estate tax is a matter of State law.

7. The widow's intestate share in the decedent's estate is exempt from the federal estate tax under the marital deduction provision of 26 U.S.C.A. § 812 (e) (1) (A), and does not bear any portion of the federal estate tax assessed against decedent's estate.

8. The deficiency tax of $26,220.91, together with interest of $2,884.30, was unlawfully assessed and collected by the Director of Internal Revenue.

9. The plaintiffs are entitled to judgment for the sum of $26,220.91, paid on July 16, 1953, and the interest thereon in the amount of $2,884.30, paid on August 4, 1953, making a total of $29,105.-21, with interest thereon from the dates of payment.

Counsel may submit appropriate order accordingly.