**Frances GREENE, as the Executrix of the estate of Carl W. Greene, Deceased, Plaintiff,**

**v.**

**The UNITED STATES of America, Defendant.**

**No. 70–C–351.**

United States District Court, E. D. Wisconsin.

Dec. 22, 1971.

Welsh, Trowbridge, Bills, Planert & Gould, by Richard J. Gould, Green Bay, Wis., for plaintiff.

David J. Cannon, U. S. Atty., E. D. Wisconsin, Milwaukee, Wis., Thomas R. Jones, Atty., Dept. of Justice, Washington, D. C., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is an action for the refund of federal estate taxes paid by the plaintiff as executrix of the estate of her husband, Carl W. Greene. The parties have stipulated to the facts upon which the present decision depends and have submitted briefs on the issues of law in lieu of a formal trial.

Carl Greene died in Green Bay, Wisconsin, on February 25, 1966, and was survived by his wife and three sons. His will was filed in the Brown County Court in Green Bay on March 9, 1966, and contained the following clauses:

"FIRST: It is my will and I hereby direct that all my just debts and expenses of last illness and funeral be paid by my executor hereinafter named as soon after my decease as conveniently may be.

"SECOND: All of my property, wherever located and of whatever nature, I give, devise and bequeath to my wife, Frances Greene."

On August 23, 1966, the plaintiff in this action, as the sole beneficiary under her husband's will, filed a declaration pursuant to § 238.135 Wis.Stats. (now § 853.21), in which she renounced her interest in certain shares of common stock, valued at $368,727.75, which Carl Greene owned at his death. The plaintiff subsequently filed a federal estate tax return which reflected a marital deduction of $360,703.69, or one-half of the decedent's adjusted gross estate—the maximum amount allowed by 26 U.S.C. § 2056(c) (1). She contends in this action that the debts, expenses, and taxes of the estate are payable out of that portion of the estate which she renounced.

The district director of internal revenue, on the other hand, determined that the value of the disclaimed property and the debts, expenses, and taxes attributable to the estate should first be subtracted from the value of the decedent's gross estate before the marital deduction can be computed. He disallowed the marital deduction taken by the plaintiff, and the defendant argues that "the debts, expenses and taxes were payable out of the entire estate and out of no part of the renounced portion." The

district director's position results in a marital deduction of $223,391.02 and a tax liability of $115,928.41. A deficiency was assessed against the plaintiff in the amount of $39,545.75, plus $5,231.95 in interest.

The plaintiff paid the sum of $44,729.44 and then filed a claim for a refund with the district director; her claim was rejected, and the plaintiff subsequently brought the present suit. Jurisdiction is based upon the provisions of 28 U.S.C. § 1346(a) (1).

The issue before this court is whether the plaintiff is entitled to take a marital deduction undiminished by the debts, expenses, and taxes of the estate. In support of her argument that she may take a marital deduction amounting to one-half of the decedent's adjusted gross estate, the plaintiff points to § 238.135 Wis.Stats., under which disclaimed property is categorized as intestate property; thus, she argues, as executrix she is required by § 313.27, Wis.Stats. (now § 863.11), first to appropriate the disclaimed property for the payment of debts—including federal estate taxes—and expenses of administration.

Section 313.27 provides:

"If the provisions made by the will are not sufficient to pay the debts, expenses of administration and family expenses, such part of the estate, real or personal, which is not disposed of by the will, shall be first appropriated for those purposes."

26 U.S.C. § 2056(b) (4) provides that in determining the value of an interest in property passing to a surviving spouse for which the marital deduction is allowed, "there shall be taken into account the effect" which any estate tax "has upon the net value to the surviving spouse of such interest." The parties in the present action agree that state law is determinative of the question of whether the marital share shall bear part of the federal estate tax. Dodd v. United States, 345 F.2d 715, 717 (3rd Cir. 1965). In Riggs v. Del Drago, 317

U.S. 95, 97, 63 S.Ct. 109, 110, 87 L.Ed. 106 (1942), the court stated:

"We are of the opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable state law as to the devolution of property at death should govern the . . . ultimate impact of the federal tax . . . . [The] . . . legislative history indicates clearly that Congress did not contemplate that the Government would be interested in the distribution of the estate after the tax was paid, and that Congress intended that state law should determine the ultimate thrust of the tax."

See also 4 Mertens' Law of Federal Gift and Estate Taxation § 30.08, at 664 (1959).

The plaintiff contends that the final judgment of the county court with regard to Carl Greene's estate requires a ruling favorable to the taxpayer. That final judgment provides, in part:

"That the personal property renounced and disclaimed by Frances Greene . . . be first appropriated to pay the debts, expenses of administration and Federal Estate Taxes and the remainder thereof be distributed as intestate property to . . . [the decedent's three sons] . . . .."

The plaintiff's position in this regard is consistent with Weyenberg v. United States, 135 F.Supp. 299 (E.D.Wis.1955), a case in which a widow elected to take a statutory one-third share of her husband's net personal estate; a Wisconsin county court allowed her to take her share "unreduced by Federal estate taxes." While the county court's ruling was in clear disregard of the decision of the Wisconsin supreme court in Will of Uihlein, 264 Wis. 362, 59 N.W.2d 641 (1953), the *Weyenberg* court stated:

"The decision of the County Probate Court has become final. We cannot now sit as an appellate court to change the result of that decision . . . .. What the County Court

should have done in light of the Uihlein case has become a moot issue."

The decision in *Weyenberg*, however, has been rather narrowly circumscribed by the more recent case of Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), in which the court said at page 463, 87 S.Ct. at page 1782:

"We find that the report of the Senate Finance Committee recommending enactment of the marital deduction used very guarded language in referring to the very question involved here. It said that 'proper regard,' not finality, 'should be given to interpretations of the will' by state courts and then only when entered by a court 'in a bona fide adversary proceeding.' S.Rep. No. 1013, Pt. 2, 80th Cong., 2d Sess., 4. We cannot say that the authors of this directive intended that the decrees of state trial courts were to be conclusive and binding on the computation of the federal estate tax as levied by the Congress. If the Congress had intended state trial court determinations to have that effect on the federal actions, it certainly would have said so—which it did not do. On the contrary, we believe it intended the marital deduction to be strictly construed and applied."

See also Davis v. United States, 256 F. Supp. 796, 798 (N.D.1966).

■ In my opinion, this court is not bound by the judgment of the county court in the instant action; while as noted, "proper regard" must be given to the county court decree, this court may

" . . . reexamine the facts and state law found in the . . . state court proceeding . . . [and may] . . . decide the state law . . . where the underlying substantive rule involved is based on state law and there is no decision by the highest [state] court . . . as to such law." Mertens' Law of Federal Gift and Estate Taxation § 10.23, at 343 (Supp.1970).

Will of Uihlein, 264 Wis. 362, 59 N.W.2d 641 (1953), involved the question whether a widow who elected to take a statutory one-third share in lieu of the provisions for her under her husband's will could take such share free of any federal estate tax liability. The court held that federal estate taxes "stand in no different category than do debts or administration expenses" and declined to effect a judicial apportionment of the estate taxes. The court also stated that (page 376, 59 N.W. pages 648, 649):

"Counsel for the widow . . . contend, that because the testator included in his will a direction that all estate and inheritance taxes would be paid from the residue of his estate, this amounted to a direct provision by the testator that the burden of the federal estate tax should fall upon the remaindermen taking the residue, and not upon the widow, who has elected to take under the law . . . . .

" . . . by following the construction contended for by counsel for the widow, the widow would stand to benefit by the clause of the will which provided for the payment of federal estate taxes out of the residue. If the widow had not renounced the will by her election she would have taken under the residuary clause after deduction of the federal estate tax, and she ought not to be placed in a more advantageous position, in so far as the impact of such tax is concerned, by such election."

Cf. Del Mar v. United States, 129 U.S. App.D.C. 51, 390 F.2d 466, 468 (D.C. Cir. 1968), cert. denied 393 U.S. 828, 89 S.Ct. 92, 21 L.Ed.2d 99 (1968).

The court in Will of Uihlein was not confronted with the precise issue presented in the case at bar; however, it is clear that, by disclaiming a portion of her husband's estate and then shifting the burden of the federal estate taxes to the renounced, or residuary, property, the plaintiff is placed in a "more advantageous position." If no disclaimer had been filed, the property received

by the plaintiff under the will would have borne the impact of the debts, expenses, and estate taxes. While Will of Uihlein was concerned with the widow's statutory share of the estate and not the marital deduction, I am not persuaded that such difference should dictate a contrary result in the case at bar.

The will does not specify what portion of Carl Greene's estate shall be chargeable with the debts, expenses, and taxes; it is this lack of specificity to which the plaintiff points in contending that the "provisions made by the will are not sufficient" to pay the debts and expenses. She argues in her brief that:

> "Section 313.27 . . . provides that . . . [the disclaimed, or intestate, property] . . . 'shall be first appropriated' to pay debts, expenses of administration and family expenses. It is property of the estate specifically charged by statute with payment of such items."

 Because Carl Greene's will provides that his entire estate shall pass to his wife, a reading of the first clause of the will results in the presumption that the testator intended that debts and expenses would be paid from the property received by his widow. In Estate of Bauknecht, 49 Wis.2d 392, 396, 182 N.W.2d 238, 240, the court stated:

> "The shifting of the tax burden from one beneficiary to another is so important that it should not be left to implication. . . . The general view is that a will should contain specific provisions relating to the payment of taxes if it is intended that the tax burden should fall differently than as provided by law."

The court also said (page 397, 182 N.W.2d page 241):

> "If the maximum advantage of the federal marital deduction is to be obtained, lawyers have been advised a will should expressly provide that the state inheritance tax and the federal estate tax should be paid from the portion of the estate which does not qualify for the federal marital deduction."

 Notwithstanding the plaintiff's arguments with regard to § 313.27, it is my opinion that she is not entitled to shift the burden of debts, taxes, and expenses to the residuary estate created by her disclaimer. There appears to be no question that the estate contained enough assets out of which such obligations could be paid. I conclude that the plaintiff has no right to a refund of the assessed taxes and interest and that her action must be dismissed.

Therefore, it is ordered that the plaintiff's action be and hereby is dismissed.